The STATE of Utah, Plaintiff
and Respondent,

v.

Michael JONES, Defendant
and Appellant.

No. 17341.

Supreme Court of Utah.

Oct. 22, 1981.

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from convictions of forgery [1] and inducement of another to commit forgery.[2]

The defendant urges error by reason of (1) insufficiency of evidence, (2) improper prosecutorial argument to the jury, and (3) failure of the trial court to give an instruction as to mere presence at the scene not being sufficient to show guilt. The first assigned error is totally without merit. The verdicts of guilty reflect a disbelief on the part of the jury of the combined testimony of the defendant and his teenage girl friend designed to fix sole responsibility on the latter. The attempt to so fix responsibility is reflected in the facts related as follows:

The girl friend, a juvenile, attempted to cash a $2,250 check stolen from the glove compartment of a Mr. Fuoco's car, which

---

1. U.C.A., 1953, 76–6–501.

2. U.C.A., 1953, 76–2–202.

car had been left with defendant, a mechanic, for repairs. The bank teller took the check to the general manager for approval. The manager immediately spotted the forgery, initiated a delaying tactic and called the police, who arrested the girl and also the departing defendant after a chase. As the police were returning him, and as he passed the girl, he was heard to say, "I love you anyway, even if you screwed it up."

The girl testified that she was both the thief and the forger, and attempted to confess the offense as being hers alone. She claimed that she stole the checks from a pouch attached to the car's door (which pouch was shown not to exist), and that she put one of the checks in defendant's wallet without his knowledge. The girl also assigned an altogether different color to the car from which she stole the checks. At the time defendant was apprehended, he disclaimed any knowledge of the girl's existence or her relationship. At the time of his arrest, defendant had over $1,000 in cash in his pocket, the fruit of a previous forgery. He claimed that he was unaware of the stolen check found in his wallet.

■ Based on the evidence adduced at trial, the jury reasonably could find defendant guilty as charged.

■ The second claim of error (prosecutorial impropriety) appears to be equally fragile. The prosecutor argued at trial that the officer witness was most truthful, trustworthy and discerning, and would not expose himself to a prison term for perjury, due in part to his status as a second year law student. Defendant contended that such argument would lend undeserved weight and influence on the jury's deliberations. This does not appear to be without the scope of a prosecutor's prerogatives, which are of considerable latitude. At any rate, when objection was made by defense counsel the trial court immediately said, "Let's stay off of anything as far as penalty is concerned." Such a commitment by the trial court certainly suggested to the jury

that it need not accept lawyer-talk as a substitute for sworn testimony.

■ As to the third assignment of error, the court did not abuse its discretion in refusing to give a so-called reasonable alternative hypothesis "cautionary" instruction.[3] The fanciful accounts given by the pair of their actions justified the court's refusal to give the requested instruction.

The verdicts and judgments are affirmed.

STEWART, J., concurs in the result.

---

3. That such discretion lies with the court where both direct and circumstantial evidence is adduced, see *State v. Starks*, Utah, 627 P.2d 88 (1981), and cases cited therein.